# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JUNIOR E. CROCKETT, SANDRA HILLYER, and MARY KNAPP, <br><br> Plaintiffs, <br><br> v. <br><br> MATRIX WIRE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) CIVIL ACTION NUMBER: 3:08-CV-176 ) ) ) ) ) ) |

## ANSWER

In answer to the complaint, defendant Matrix Wire, Inc. ("Matrix Wire") says as follows:

### FIRST DEFENSE

Unless expressly admitted herein, all allegations of plaintiffs' complaint are denied.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted against Matrix Wire.

### THIRD DEFENSE

Plaintiffs' claim for damages is limited to the extent plaintiffs have failed or refused to mitigate their damages.

1/1689770.1                                   1

## FOURTH DEFENSE

To the extent that plaintiffs base their claims upon alleged acts or omissions occurring more than 180 days prior to the filing of their complaint, such claims are barred.

## FIFTH DEFENSE

To the extent that plaintiffs' complaint challenges employment decisions affecting them, such decisions were made on the basis of legitimate nondiscriminatory factors, and to the extent a factfinder determines that impermissible factors were involved, the same decisions would have been reached in any event due to legitimate nondiscriminatory factors alone.

## SIXTH DEFENSE

To the extent plaintiffs raise issues under federal law which are not like or related to a charge of discrimination filed with the Equal Employment Opportunity Commission, they cannot pursue such issues in this action.

## SEVENTH DEFENSE

Matrix Wire denies that plaintiffs' ages were a motivating factor in any employment decision affecting their employment; however, to the extent a jury reaches a contrary conclusion, such decisions would have been made even absent an impermissible motive.

## EIGHTH DEFENSE

Plaintiffs' damages are limited by the operation of the limitations set forth in statutory caps.

## NINTH DEFENSE

Plaintiffs are not entitled to an award of punitive damages as they cannot prove facts sufficient to support an award under applicable law.

## TENTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

Plaintiffs' claims for equitable relief may not be tried before a jury.

## TWELFTH DEFENSE

Plaintiffs cannot recover punitive damages against Matrix Wire because they cannot establish that Matrix Wire acted with malice or reckless indifference to the plaintiffs' protected rights.

**THIRTEENTH DEFENSE**

Plaintiffs' claim is barred by settlement agreement, accord and satisfaction, res judicata, collateral estoppel, the statute of limitations, and any award to plaintiffs should be barred or set off by, among other things, their receipt of severance in return for a release and waiver of claims.

**FOURTEENTH DEFENSE**

Matrix Wire denies it is guilty of conduct referable to which punitive damages could or should be awarded and denies that plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Matrix Wire.

**FIFTEENTH DEFENSE**

Plaintiffs cannot recover punitive damages against Matrix Wire because such an award, which is penal in nature, would violate Matrix Wire's constitutional rights protected under the Alabama Constitution of 1901, as amended and the Constitution of the United States unless Matrix Wire is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**SIXTEENTH DEFENSE**

Subjecting Matrix Wire to punitive damages, or affirming an award of punitive damages against Matrix Wire in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a) any award of punitive damages against Matrix Wire under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such award is subject to no predetermined limits;

(c) use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d) any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

 (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the alleged wrongful or culpable conduct;

 (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

 (h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

 (i) an award of punitive damages should not be permitted to be assessed against Matrix Wire for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Matrix Wire;

 (j) an award of punitive damages should not be permitted to be assessed against Matrix Wire vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Matrix Wire;

 (k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

 (1) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

 (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Matrix Wire;

     (n)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     (o)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

     (p)    the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

     (q)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Matrix Wire without due process of law.

### SEVENTEENTH DEFENSE

Plaintiffs are not entitled to punitive damages from Matrix Wire pursuant to the facts as alleged in plaintiffs' Complaint.

### EIGHTEENTH DEFENSE

The claim of the plaintiffs for punitive damages against Matrix Wire is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

### NINETEENTH DEFENSE

Imposition of punitive damages in this case against Matrix Wire would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## TWENTIETH DEFENSE

To award punitive damages against Matrix Wire in this case would have a chilling effect upon Matrix Wire's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

## TWENTY--FIRST DEFENSE

In the event that any portion of a punitive damages award against Matrix Wire in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

## TWENTY-SECOND DEFENSE

To award punitive damages against Matrix Wire in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

## TWENTY-THIRD DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Matrix Wire is denied

equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ l, 6, and 22 of the Alabama Constitution, separately and severally.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages violates the rights of Matrix Wire to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden</u> and <u>Green Oil Company v. Hornsby</u> is unconstitutionally vague and inadequate in the following respects:

    (a)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

    (b)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate;

    (c)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

    (d)    The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

    (e)    This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the

    factors, and allow for unpredictable and inconsistent results; and

 (f) The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of <u>BMW of North America. Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (May 20, 1996).

### TWENTY-SIXTH DEFENSE

The demand for punitive damages in the instant case is subject to these limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama, as amended.

### TWENTIETH-SEVENTH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect. Under the United States Constitution, and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the punitive damages cap created by the legislature through judicial fiat. <u>Honda Motors Co. v. Oberg</u>, 512 U.S. 415, 431 (1994).

## TWENTY-EIGHTH DEFENSE

If multiple punitive damage awards were assessed against Matrix Wire it would violate the Constitutions of the United States and the State of Alabama, violating Matrix Wire's rights to due process and to a jury trial and violating Matrix Wire's right against double jeopardy.

## TWENTY-NINTH DEFENSE

For Answer to the separately numbered paragraphs of plaintiffs' complaint, Matrix Wire says as follows:

1. Matrix Wire does not dispute jurisdiction and venue.

2. Unknown at this time. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Previous defenses and denials are reasserted.

8. Admitted

9. Admitted

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Matrix Wire admits that it has seasonal layoffs. Otherwise, this paragraph is denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24-41. In response to paragraphs 24-41 and subparts thereto, Matrix Wire reincorporates its defenses and denials as set out above and denies the factual averments contained therein.

WHEREFORE, Matrix Wire denies plaintiffs' allegations, denies that plaintiffs are entitled to any of the relief sought, and requests a judgment in its favor.

Respectfully submitted,

s/ John W. Hargrove
John W. Hargrove

s/ Angela R. Rogers
Angela R. Rogers

Attorneys for Defendant Matrix Wire, Inc.

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104
Telephone: (205) 521-8000
Facsimile:  (205) 488-6343

**Certificate of Service**

I herby certify that on April 07, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>David R. Arendall Esq.
>Allen D. Arnold, Esq.
>Arendall & Associates
>2018 Morris Avenue
>Birmingham, AL 35203

and I thereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None

>s/ Angela R. Rogers
>Angela R. Rogers
>Bradley Arant Rose & White LLP
>401 Adams Avenue, Suite 780
>Montgomery, AL 36104
>Telephone: (334) 956-7700
>Facsimile: (334) 956-7701
>E-mail: arogers@bradleyarant.com